JUDGE OETKEN

**KILPATRICK TOWNSEND & STOCKTON LLP**
Stephen Feingold (SF 2763)
Lisa Pearson (LP 4916)
Joseph Petersen (JP 9071)
Robert Potter (RP 5757)
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiff GED*
*Testing Service LLC*

**ADA MELOY, ESQ. (AM 4092)**
One Dupont Circle NW
Washington, D.C. 20036
Telephone: (202) 939-9361
Facsimile: (202) 833-4762

*Attorney for Plaintiff American*
*Council on Education*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GED TESTING SERVICE LLC and AMERICAN COUNCIL
ON EDUCATION,

                    Plaintiffs,

          v.

AMJAD PERVAIZ and AZM TECHNOLOGIES, individually
and d/b/a Free GED Test and Accredited Adult Diploma;
JOHN DOE 1 d/b/a  SenfordHighSchool.com,
SenfordHighSchool.net, SenfordHighSchool.us,
OnlineGED.us, AccreditedHighSchool.us, "Robert, Mr.,"
Senford High School, Online GED, and SHS Accredited High
School; JOHN DOE 2 d/b/a GEDOnlineSchool.com, "Sara
McCain," GEDOnline, and GEDOnline School; JOHN DOE 3
d/b/a  SHighSchoolDiploma.com, "John McCain,"
and S High School Diploma; JOHN DOE 4 d/b/a
SunshineHighSchool.com, Diploma-GED.com, "McCain Mr.,"
Sunshine High School, and Online GED; JOHN DOE 5 d/b/a
HigherAccreditation.org and Higher Accreditation Association
for Online Schools; JOHN DOE 6 d/b/a
OnlineDiplomaGED.com and Online Diploma GED; JOHN
DOE 7 d/b/a Inventionist007; and JOHN DOES 8-100 acting
in concert with them,

                    Defendants.

---

**12 CIV 1157**

__ Civ. _____

**COMPLAINT**

JURY TRIAL DEMANDED

**FILED UNDER SEAL**



          Plaintiffs GED Testing Service LLC, by its attorneys Kilpatrick Townsend & Stockton

LLP, and American Council on Education, by its attorney Ada Meloy, Esq. (collectively,

1

US2008 3075524.9

"Plaintiffs"), for their complaint against Defendants Amjad Pervais and AZM Technologies, individually and d/b/a Free GEDest, Accredited Adult Diploma, FreeGEDTest.info, and AccreditedAdultDiploma.info; John Doe 1 d/b/a  "Robert, Mr.," Senford High School, Online GED, SHS Accredited High School, SenfordHighSchool.com, SenfordHighSchool.net, SenfordHighSchool.us, OnlineGED.us, and AccreditedHighSchool.us; John Doe 2 d/b/a "Sara McCain," GEDOnline, Ged Online School, and GEDOnlineSchool.com; John Doe 3 d/b/a  "John McCain," S High School Diploma, and SHighSchoolDiploma.com; John Doe 4 d/b/a "McCain Mr.," Sunshine High School, Online GED, SunshineHighSchool.com, and Diploma-GED.com; John Doe 5 d/b/a Higher Accreditation Association for Online Schools and HigherAccreditation.org; John Doe 6 d/b/a Online Diploma GED and OnlineDiplomaGED.com**;** John Doe 7 d/b/a Inventionist007, and John Does 8-100 (collectively, "Defendants"), allege as follows:

### SUBSTANCE OF THE ACTION

1.      Plaintiffs GED Testing Service LLC ("GEDTS"), a limited liability company, and American Council on Education ("ACE"), a non-profit corporation, develop, deliver, and safeguard the time-honored GED[®] test used by all 50 states and other governmental entities to certify the high school-level academic achievement of non-high school graduates.  The GED[®] credential[1] issued by Plaintiffs ("GED[®] Credential") to those who pass Plaintiffs' rigorous GED[®] test is widely relied upon by institutions of higher learning and employers who require applicants to have a high school diploma or its equivalent.  ACE owns all trademark rights in the GED[®]

---

[1] In some states, such as the District of Columbia, this degree is known as a GED[®] Credential. *See* http://www.dcged.org/index.php/component/content/article/45-news/93-advisory-regarding-ged-credential.  In other states it is known simply by a generic name, such as a high school equivalency diploma.  For the purposes of this complaint, Plaintiffs will refer to this degree as a GED[®] Credential.

US2008 3075524.9

mark, including incontestable federal registrations for the educational testing services it has offered thereunder for the past 70 years.

2.      Plaintiffs have recently discovered that Defendants operate a fraudulent "diploma mill" offering U.S. consumers sham diplomas from fictitious high schools through a ring of websites prominently featuring counterfeits of ACE's federally registered GED® marks.  On their Fraudulent Websites,[2] Defendants represent that they offer "GED diplomas," based solely on "work or life experience," that are equivalent or superior to Plaintiffs' well-respected GED® Credential, and accepted by the same universities and employers.  These representations are patently false.  Any legitimate university or employer, upon investigating the nature of Defendants' diplomas, would reject them as high school equivalents.

3.      Defendants pass off their high school equivalency diplomas to the unsuspecting public under ACE's GED® marks in a deliberate effort to trade on the goodwill and prestige of the GED® testing program administered by Plaintiffs.  Many consumer complaints have been publicly lodged against Defendants by defrauded consumers to no avail.  Defendants operate their diploma mill online and have registered their domain names under fictional names and addresses. Their Fraudulent Websites similarly provide bogus contact information.

4.      Defendants' unlawful actions are causing immediate and irreparable harm to Plaintiffs and the general public by generating consumer confusion, harming the goodwill and reputation of the GED® marks, and unfairly competing with Plaintiffs' legitimate testing services.

---

[2] These websites are accreditedadultdiploma.info, accreditedhighschool.us, diploma-ged.com, freegedtest.info, gedonlineschool.com, higheraccreditation.org, onlinediplomaged.com, onlineged.us, senfordhighschool.com, senfordhighschool.net, senfordhighschool.us, shighschooldiploma.com, and sunshinehighschool.com (collectively, Defendants' "Fraudulent Websites").

US2008 3075524.9

5.      Accordingly, Plaintiffs bring this action for trademark counterfeiting and trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); cybersquatting under the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); deceptive trade practices under New York General Business Law § 349; use of a name with intent to deceive under New York General Business Law § 133; and trademark infringement and unfair competition under the common law of the State of New York.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367, and general principles of pendent jurisdiction.

7.      Defendants operate interactive Fraudulent Websites accessible in the State of New York and have sold their services within the State of New York.  This Court has personal jurisdiction over the Defendants because they transact business in the State of New York and/or contract to supply goods or services within the State.

8.      Venue is proper in this judicial district pursuant to Section 1391 of the Judicial Code, 28 U.S.C. § 1391.

## PARTIES

9.      Plaintiff GEDTS is a limited liability company organized under the laws of Delaware with a principal place of business at 5601 Green Valley Drive, Bloomington,

4

Minnesota 55437.  GEDTS is formerly a division of ACE that was tasked with managing the GED® test, the GED® brand and related test administration services.  Through a recently formed joint venture of ACE and Pearson VUE ("VUE")—a division of NCS Pearson, Inc. and the global leader in computer-based testing for information technology, academic, government and professional testing programs around the world—GEDTS has become a separate legal entity jointly controlled by ACE and VUE, but continues to carry out all of its previous duties.  GEDTS continues to be delegated the day to day authority to publish, market, and license the GED® test, oversee test administration and related services, and take the necessary steps to promote and safeguard the GED® brand.

10.     Plaintiff ACE is a non-profit corporation incorporated in Washington, D.C. with a principal place of business at One DuPont Circle Northwest, Washington, DC 20036.  ACE is the major coordinating body for higher education institutions in the United States, representing the interests of more than 1,600 college and university campus executives, and more than 200 related associations.  For nearly 70 years, ACE has operated the GED Testing Service as a program of ACE, which has developed, delivered, and safeguarded the GED® test, used to ascertain whether persons who have not completed high school have nevertheless achieved high school academic levels.  ACE sets the policy for and ensures compliance with the administrations of the GED® test.  ACE is the owner of all trademark rights in the marks GED, GED & Design, GED PLUS & Design and GED TESTING SERVICE for educational testing services.

11.     Defendants Amjad Pervais and AZM Technologies, individually and d/b/a Free Ged Test and Accredited Adult Diploma,  have participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks, and are listed as the registrants

5

for two of the Fraudulent Websites (FreeGEDTest.info and AccreditedAdultDiploma.info) involved in Defendants' sale of fake diplomas. These two websites provide no contact information on their sites, but the domain names are registered to Amjad Pervais, AZM Technologies at 9 Barkatpura, Sikander Pura Chowk, G.T. Road, Faisalabad, Punjab, Pakistan. Upon information and belief, this information is false. Upon information and belief, Mr. Pervais and AZM Technologies have a direct involvement, participation and a financial interest in, as well as supervision over, the unlawful acts complained of herein.

12. Defendant John Doe 1, d/b/a SenfordHighSchool.com, SenfordHighSchool.net, SenfordHighSchool.us, OnlineGED.us, AccreditedHighSchool.us, "Robert, Mr.," Senford High School, Online Ged, and SHS Accredited High School, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks. The domain names for these Fraudulent Websites are registered to "Robert Mr," with an address of 23 Sunset Boulevard, Houston, Texas 77005. This is an address located on the campus of Rice University and serves as the mail drop for approximately 1,400 students at Jones College, one of the colleges within Rice University. Upon information and belief, this is not the correct address for John Doe 1. This is the same address associated with John Does 2, 3, and 4.

13. Defendant John Doe 2, d/b/a GEDOnlineSchool.com, "Sara McCain," GEDOnline, and Ged Online School, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks. The domain name for this Fraudulent Website is registered to "Sara McCain," with an address of 23 Sunset Boulevard, Houston, Texas 77005, the same address as

6

John Does 1, 3, and 4.  Upon information and belief, this is not the correct address for John Doe 2.

14.     Defendant John Doe 3, d/b/a  SHighSchoolDiploma.com, "John McCain," and S High School Diploma, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks.  The domain name for this Fraudulent Website is registered to "John McCain," with an address of 23 Sunset Boulevard, Houston, Texas 77005, the same address as John Does 1, 2, and 4.  Upon information and belief, this is not the correct address for John Doe 3.

15.     Defendant John Doe 4, d/b/a SunshineHighSchool.com, Diploma-GED.com, "McCain Mr.," Sunshine High School, and Online Ged, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks.  The domain names for these Fraudulent Websites are registered to "McCain Mr.," with an address of 23 Sunset Boulevard, Houston, Texas 77005, the same address as John Does 1,2, and 3.  Upon information and belief, this is not the correct address for John Doe 4.

16.     Defendant John Doe 5, d/b/a HigherAccreditation.org and Higher Accreditation Association for Online Schools, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks. The domain name for this Fraudulent Website is registered through a privacy shield.  The Fraudulent Website provides an incomplete address of Bay City, Texas, 77404 Matagorda, (sic).  Upon information and belief, this is not the correct address for John Doe 5.

17.     Defendant John Doe 6, d/b/a OnlineDiplomaGED.com and Online Diploma GED, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks.  The owner of the domain name for this Fraudulent Website is registered under a privacy shield.

18.     Defendant John Doe 7, d/b/a Inventionist007, is an as yet unidentified individual or business entity who has participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks.  Specifically, John Doe 7 operates a YouTube channel featuring videos promoting the sale of Defendants' fake diplomas.  This website provides no address information whatsoever, and there is no domain name registration information available for YouTube postings.

19.     Defendants John Does 8-100 are as yet unidentified individuals or business entities who have participated in the offer, sale, and/or distribution of Defendants' fraudulent diplomas under ACE's GED® Marks

**FACTS SUPPORTING PLAINTIFFS' REQUESTED RELIEF**

**I.     THE GED® TEST AND THE GED® TRADEMARKS**

20.     The origins of the GED® test date back to 1942, only weeks after the attack on Pearl Harbor.   ACE recognized that a large number of men and women volunteering in the armed services were leaving high school to do so.  In fact, approximately one-third of all U.S. servicemen and women in World War II did not have a high school degree.  As early as April 1942, ACE, working with the United States Armed Forces Institute, recognized the need to create a test to evaluate properly the educational experiences of those answering the nation's call to arms in such a way as to maintain the value of a high school equivalency degree.

8

21.     By 1943, the first GED® test was developed at the University of Iowa.  From its inception, the GED® test encompassed five subject areas—mathematics; language arts, reading; language arts, writing (including essay); science; and social studies.  In 1943, the GED® test was administered to more than 33,000 high school seniors by the Veterans Testing Service, a division of ACE, in order to create a standard for what would constitute a passing score.

22.     In 1947, the GED® test was first made available to civilians when the state of New York implemented a program to award a high school equivalency certificate to those who passed.  While previously the GED® test was administered by the Veterans Testing Service, under the State of New York's arrangement with ACE, the State was responsible for administering the GED® test, including ensuring test security and establishing testing centers, while ACE was responsible for the integrity of the test itself.

23.     Under this model, since 1974, the GED® test has been available to candidates in all fifty states, and today the GED® testing program is an international partnership involving ACE, GEDTS, each of the fifty U.S. states and the District of Columbia, certain Canadian provinces and territories, the U.S. insular areas, the U.S. military, state and federal correctional institutions, and the Veterans Administration Hospitals.  Plaintiffs' GED® services have been distributed in interstate commerce throughout the United States, including in this judicial district, for many decades.

24.     Although ACE operates an official informational GED® testing website at http://www.acenet.edu/AM/Template.cfm?Section=GED_TS&CFID=4817480&CFTOKEN=65 403954&jsessionid=1630f4a3870d$EBl$3F$ and GEDTS operates an official website at http://gedtestingservice.com/, the GED® test is not available to be taken on-line. The GED® test is a comprehensive and carefully constructed series of examinations, which takes more than

seven hours to complete, and may only be taken in person at an official GED® testing center operated by the relevant state jurisdiction or GEDTS.

25.     As a result of ACE's stewardship of the GED® brand through GEDTS, those who obtain a high school equivalency credential by virtue of passing the GED® test are almost universally afforded the same privileges as those who obtain a traditional high school diploma in the United States in terms of eligibility for admission to post-secondary educational institutions and application for employment.

26.     Each year, hundreds of thousands of consumers take the GED® tests, including over 250,000 residents of New York between 2006 and 2010,[3] and millions more are exposed to the GED® Marks through Plaintiffs' marketing efforts.  For instance, many states have developed GED® test preparation courses offered by the state under license from GEDTS.  Each state has a GED Administrator™ who is responsible for marketing, promoting, and administering the GED® test in that jurisdiction.  In addition, ACE and GEDTS have extensively advertised and promoted the GED® test.  For example, ACE engaged in a radio and television advertising campaign in the late 1980's and early 1990's in order to promote the 50th anniversary of the creation of the GED® test.  As part of this campaign, ACE solicited and aired testimonials from celebrities and non-celebrities who had taken the GED® test.  One such testimonial was from Mike Tyson, touting the positive effects passing the GED® test have had on his life.  ACE also aired radio and television spots in which well known public figures, such as Hillary Clinton and Bill Cosby, spoke about the utility of the GED® test.

27.     In the mid-2000's, ACE, through its former division GEDTS, launched a marketing campaign called "Prove yourself" that provided packets with videos, CD-ROMs, brochures, calendars, and guidelines for states to market and promote the GED® tests to adult

---

[3] In fact, New York is one of the top five states in terms of the highest number of GED® test takers each year.

US2008 3075524.9

learners and the media.  In 2009 ACE, again through its GEDTS division, launched multiple

social media sites to reach adult learners online including a Facebook Group, Facebook Page,

YouTube Channel and Twitter account.  GEDTS has also presented at a number of public events

and tradeshows, promoting the GED® tests and protection of the GED® Marks, including the

Conference on Adult Basic Education (COABE); U.S. Patent & Trademark Office Trademark

EXPO; the ACE Annual Meeting; the GED® Administrators Conference, meetings with the

Department of Education's Office of Vocational and Adult Education (OVAE), the National

Coalition on Literacy (NCL), and National Council on Family Literacy (NCFL); and multiple

state and jurisdiction events.  In 2010, GEDTS launched an online library of success stories from

adults who passed the GED® test, called "GED® Profiles of Success," featuring videos and text

stories of real graduates.  GEDTS regularly engages reporters and members of the media to

promote and protect the GED® Marks, including conversations about how to use the trademarks

correctly, issuing statements about programs selling illegitimate tests and diplomas, and

publishing a presentation to the National Association of Attorneys General.

    28.    Plaintiffs GED® goods and services are renowned for their integrity, legitimacy

and high academic standards, and are identified and distinguished by the use of the marks GED,

GED & Design, GED PLUS & Design and GED TESTING SERVICE (collectively, the "GED®

Marks").

    29.    The GED® Marks have been exposed to millions of American consumers,

including the hundreds of thousands of individuals nationwide who take the GED® test each

year.  Over 700,000 people take the GED® test each year and roughly 400,000 pass.

    30.    Due to Plaintiffs' extensive use and promotion of the GED® Marks, the GED®

Marks have acquired enormous value, have become famous among the consuming public and

US2008 3075524.9

trade, and are recognized as an indicator of the source of the goods and services offered under them.

31.     In addition to the common law rights developed through extensive use of the GED® Marks by ACE, ACE also owns numerous U.S. trademark registrations for the GED® Marks for educational testing services, including Reg. No. 1,321,397 for GED and Design; Reg. No. 2,613,984 for GED; Reg. No. 3,288,043 for GED PLUS and Design; and Reg. No. 3,448,412 for GED TESTING SERVICE.  All of the foregoing registrations are valid, subsisting, and in full force and effect.  Moreover, Reg. Nos. 1,321,397 for GED and Design and 2,613,984 for GED are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive evidence of ACE's ownership of these marks and its exclusive right to use the marks in commerce on or in connection with all of the services identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).  True and correct copies of the foregoing registrations from the U.S. Patent and Trademark Office are attached as Exhibit A.

## II.     DEFENDANTS' FRAUDULENT OFFER OF FAKE HIGH SCHOOL DIPLOMAS UNDER THE GED® MARKS ON THE FRAUDULENT WEBSITES

### A.     The Senford High School and Sunshine High School Websites

32.     Defendants are unlawfully engaged in a concerted effort to deceive consumers as to the legitimacy of the so-called diplomas offered by "Senford High School" and "Sunshine High School" (and possibly other bogus schools) by employing counterfeits of ACE's federally registered GED® Marks on their Fraudulent Websites, fraudulently advertising that the high school equivalency diplomas they offer are equivalent and/or superior to the legitimate and well-respected GED® Credential offered by Plaintiffs, and otherwise creating a likelihood of

US2008 3075524.9

consumer confusion, through their unauthorized use of the GED® Marks, as to the association between Defendants' goods and services and Plaintiffs.

33.     Defendants operate a ring of related Fraudulent Websites that create an air of legitimacy surrounding their fraudulent offerings.  The two most prominent of these websites, accessible through the domain names **senfordhighschool.com, senfordhighschool.net, senfordhighschool.us**, and **sunshinehighschool.com**, purport to advertise Senford High School and Sunshine High School in Texas.  True and correct copies of relevant printouts from these websites are attached hereto as Exhibit B.

34.     Plaintiffs have been unable to locate any public government records, business filings, or other documentation associated with either school or any other evidence confirming that these high schools do in fact exist or are accredited by any legitimate authority.  For example, as discussed in Section E below, Senford High School provides a physical address that is actually a drop box for more than 1,400 students attending Jones College, which is based on Rice University's campus in Houston, Texas.

35.     Upon information and belief, both Senford High School and Sunshine High School are online entities only and have no physical presence in Texas.

36.     Despite the fact that Senford and Sunshine High Schools have no physical presence, Defendants take pains to mislead consumers into believing they do by posting on their websites the following images:





As seen above, Senford High School further seeks to deceive consumers by advertising its "test

center" as "[m]onitored by the Higher Accreditation Board of Texas."  This entity does not exist

and is presumably related to Defendants' fictitious Higher Accreditation Association for Online

Schools, as discussed in Section C below.

37.     Notably, the Better Business Bureau serving Greater Houston and South Texas

has received multiple consumer complaints about these schools, and has given Senford High

School an "F" rating based on at least nine consumer complaints that "diplomas obtained through

Senford High School are not accepted as legitimate diplomas by colleges and employers."  True

and correct copies of relevant printouts from the Better Business Bureau's website are attached

hereto as Exhibit C.

38.     Defendants, throughout the pages of each website, make repeated and unlawful

use of the GED® Marks to suggest Defendants' goods and services are somehow sponsored by or

associated with Plaintiffs, and/or that Defendants' diplomas are themselves a GED® Credential,

14

when neither is true.  Indeed, although the GED® test is never administered online, and although passing the GED® test never leads to the issuance of a diploma from any particular high school, the Senford and Sunshine High School websites both display the following banner on each of their respective home pages:



39.     The home page of the Senford High School website also bears the following icon beneath other emblems supposedly reflecting its accreditations:



The Senford High School website makes many more unauthorized uses of the GED® Marks, including false and misleading statements concerning the Marks, including the following representative examples:

- "[W]e at ( Senford High School ) [sic] are proud to announce that, we are fully accredited in all means and our online diplomas, GED online are accredited diplomas and accepted in all states as well as worldwide."

- "Guidelines and requirements for online high school diploma GED testing set by the American council on education [sic]."

US2008 3075524.9

40.     Sunshine High School's website makes similar unauthorized uses of Plaintiffs' GED® Marks and false and misleading statements concerning them, including the following representative examples:

- "If you have two years of any work or life experience you can earn your GED online offerd [sic] by Sunshine."

- "High school diploma is a higher degree than GED [sic] this high school diploma is easy to get online and you can earn your accredited high school diploma in just 7 days."

- "Sunshine High School provide you real accredited recognized High school diploma, which accepted worldwide [sic]."

41.     By suggesting that their diplomas are as good as or better than the GED® Credential, and are as widely accepted and respected as the GED® Credential, the false claims made on Senford and Sunshine High Schools' websites serve to deceive consumers as to the true value, legitimacy and perception of Plaintiffs' GED® test.

42.     The Senford and Sunshine High School websites also contain other indicia to create the appearance of legitimacy.  For example, they claim to be "PayPal Verified," to accept payment through Visa, Mastercard, American Express and Discover credit cards, and (as discussed more fully in Paragraphs 50-51 below), to be accredited by the Higher Accreditation Association for Online Schools.

43.     Upon information and belief, Senford and Sunshine High Schools are not bona fide U.S. high schools and have no presence other than online.  The senfordhighschool.com, senfordhighschool.net, senfordhighschool.us, and sunshinehighschool.com websites were registered and are operated by unknown individuals or entities who seek to deceive and defraud

16

U.S. consumers.  As averred in Paragraphs 12 and 14 above, and discussed in more detail in Section E below, the registrants of the domain names associated with Senford and Sunshine High School provided false contact information.   Both the senfordhighschool.com and sunshinehighschool.com domain names were registered through the registrar services of Onlinenic, Inc. and are hosted by the same Texas-based Internet Service Provider, Softlayer Technologies, Inc.

      **B.**    **Defendants' Sale of Fake Diplomas Through the Senford High School Website**

     44.     Defendants' operation is no more than a fraudulent diploma mill, selling fake diplomas to anyone who will pay the price, regardless of actual credentials and without even attempting to verify the "work or life experience" described by the applicant.  On December 5, 2011, Plaintiffs' investigator sought to obtain a diploma from senfordhighschool.com.  After clicking the link entitled "Convert Your Experience Into High School Diploma," the investigator was prompted to input all relevant "work or life experience that qualifies you for this diploma." The investigator indicated that, between 2002 and 2004, he worked as a volunteer with a street clean up program, and that, since 2004, he has worked at McDonald's.

     45.    Within 15 minutes of inputting this work experience, Plaintiffs' investigator received an e-mail from senfordhighschool@hotmail.com confirming that he need only pay a fee of $299 in order to receive his diploma by mail within seven days.  The investigator paid the fee via PayPal.

     46.    On December 13, 2011, the purported Senford High School diploma was delivered to the New York county address provided by the investigator.  Although Senford High School purports to be located in Texas, the return address listed the following information: "Aaamir, BLANK, Pakistan, Dubai, United Arab Emirates."  As discussed in more detail in

Section E below, this information, like the information provided in connection with Defendants' websites, is facially inconsistent, incomplete and clearly false, as Pakistan and Dubai are distinct and unrelated nations.

47.     Incredibly, not only did the investigator receive a "High School Diploma," "confer[red] upon" him by Senford, but he also received a purported "Official Transcript" indicating he has taken and passed classes in "English Writing Skills," "Biology," "Economics," and "Calculus II" among many others.  The transcript also provides a fictitious GPA of 3.19 and is signed by the "Registrar."

48.     Plaintiffs' investigator apparently excelled at Senford because in addition to the diploma and transcript, he also received a number of "honors" from the school, including an "Award of Excellence," a membership on the student council, and a certification letter from the "Registrar" and the "President" of Senford.  True and correct copies of the "High School Diploma" and other referenced documents sent by Senford High School to Plaintiffs' investigator are attached hereto as Exhibit D.

**C.     Defendants' Related Fraudulent Websites**

49.     Defendants operate a number of other Fraudulent Websites that endeavor to give an aura of legitimacy to the claims made on the Senford and Sunshine High School websites.

   •     **The Fake Accreditation Association**

50.     Both Senford and Sunshine High School claim to be accredited by the "Higher Accreditation Association for Online Schools," and offer a link to the related website at **higheraccreditation.org**.  True and correct copies of relevant printouts from this website are attached hereto as Exhibit E.  Neither Plaintiffs nor their investigators could find any legitimate public records for this entity, which, like Senford and Sunshine High Schools, also purports to be

18

based in Texas.  The domain name was registered on March 13, 2008 (two days after the

registration of the senfordhighschool.com domain) through an India-based registry –Directi

Internet Solutions Pvt. d/b/a PublicDomainRegistry.com ("Directi").  Like the Senford and

Sunshine High School websites, this website is also hosted by Softlayer Technologies in Texas.

As discussed in Section E below, the identity of the registrant is masked by a privacy service.

51.     The website for the Higher Accreditation Association for Online Schools contains

scant information on its accreditation criteria, which appears to be based almost entirely on each

school's completion of "self evaluation tests and strategic planning skills development phases."

Although the website claims that "nearly 12 institutions . . . have been accredited" by the

Association, the website nowhere lists these schools.  Rather, users may check a specific

institution's status only by entering the school's name in a search window and, when searched,

both Senford and Sunshine High School are reported to be accredited by the Association.

Plaintiffs have been unable to identify any other schools purportedly accredited by the

Association which, upon information and belief, was created only to perpetuate Defendants'

fraud by giving Senford and Sunshine High Schools an added air of legitimacy.

- **The Fraudulent "Third-Party" Websites**

52.     Upon information and belief, Defendants utilize at least six other Fraudulent

Websites in an obvious effort to suggest that Senford and Sunshine High Schools are respected,

endorsed and recommended by legitimate third parties.  Each of these websites purport to offer

general information about the GED® test and/or online high school diplomas.  However, contact

information and hyperlinks within each ostensibly "unrelated" site refer consumers directly and

exclusively to Senford or Sunshine High School for a "GED diploma."  As with the Senford and

Sunshine High School websites, each of these pages unlawfully uses the GED® Marks to suggest

falsely that the GED® Credential may be obtained over the Internet through an online high school diploma.

53.    The first such site is found at **onlineged.us**, which directs to a purportedly independent website that bears no indication of its source or sponsorship beyond the prominent heading "Online Ged" across the top of the page.  True and correct copies of relevant printouts from this website are attached hereto as Exhibit F.  The website is little more than an advertisement for Senford High School, and falsely conflates the legitimate GED® Credential with the type of diploma offered by Defendants:  "GED is available at no cost.  No hidden charges.  If you pass then you only pay $299 to get your documents and certificates along with High School Diploma."  This website further seeks to legitimize Defendants' offerings by falsely claiming that "[o]ur program is one of the GED programs which are governed by Adult Education and Family Literacy Act,"[4] when in fact only state-authorized programs are administered under Federal law.  The onlineged.us website advertises the same telephone number as Senford High School, and the domain name was registered by "Robert Mr" of Senford High School on November 9, 2008.

54.    Defendants also operate the website found at **gedonlineschool.com**, which was registered by a "Sarah McCain" (like the "Mr. McCain" who registered sunshinehighschool.com) of "GEDOnline," using the same Texas address provided on Senford High School's website.  True and correct copies of relevant printouts from this website are attached hereto as Exhibit G.  Like the website at onlineged.us, the gedonlineschool.com website contains no identification of its source beyond the words "GED ONLINE SCHOOL" across the top of the webpage.  This website again falsely indicates that a GED® Credential may be

---

[4] Presumably, Defendants are referring to the Adult Education and Family Literacy Act, (AEFLA), 20 U.S.C. 9201 et seq.

US2008 3075524.9

obtained through an online high school diploma, and directs users to (and lists the phone number for) Senford High School.  Like Senford High School's website, this website prominently displays a fraudulent icon meant to suggest that Senford has been authorized by the fictional Higher Accreditation Association of Online Schools to offer legitimate GED® testing services:



55.     The domain name for the website found at **diploma-ged.com** was registered by a "Mr. McCain," this time of "Sunshine High School," through the same registrar—Onlinenic, Inc.—and Internet service provider—Softlayer Technologies—as many of the other sites.  True and correct copies of relevant printouts from this website are attached hereto as Exhibit H.  This website purports to be a blog entitled "Online Ged," ostensibly offering postings by an anonymous third party, but it directs users exclusively to Senford High School.  As with each of the other websites described herein, this site makes repeated and unauthorized use of the GED® Marks in advertising online high school diplomas.

56.     Defendants also operate the website found at **onlinediplomaged.com**, which bears no identification of source beyond the words "Online Diploma Ged" across the top of the home page, but does identify Senford High School as one of its "partners."  True and correct copies of relevant printouts from this website are attached hereto as Exhibit I.  As with each of Defendants' other websites, this site offers links to the Senford High School website with the promise of obtaining a high school diploma merely by submitting one's work or life experience.  This website makes numerous false claims regarding the GED® test and Credential.  For

21

example, and notwithstanding that the GED® test is never offered online, Defendants claim on

this website that "[w]e have come up with online Ged test system, which is 100% free."  The site

also uses the GED® Marks when falsely representing the value of a Senford High School

diploma:  "A high school online high school diploma GED [sic] is an online high school GED

diploma awarded for the completion of high school.  In the united states [sic] and Canada, it is

considered the minimum education required for government jobs and higher education."

Further, the site features a page entitled "Avoid Fake Diploma" which poses the following

question in connection with its promotion of Senford High School: "Why get Fake diploma,

phony diploma or Fake Ged when you can get one for real which is 100% real Legitimate High

School Diploma in 7 days Only with what you already know!"  As discussed in Section E below,

the registration information for this domain name is protected by a privacy service, but the

domain is again hosted by Softlayer Technologies.

57.    Defendants have registered and are using the above four domain names—

onlineged.us, gedonlineschool.com, diploma-ged.com, and onlinediplomaged.com—with a bad-

faith intent to profit from the GED® Marks.  By offering fraudulent high school diplomas

through domain names that prominently incorporate the GED® Marks, Defendants deceive

consumers into believing that the associated websites are offering legitimate GED® Credentials

approved by or associated with Plaintiffs, when in fact they do not.

58.    Plaintiffs have identified two other similar websites operated by Defendants,

found at **shighschooldiploma.com** and **accreditedhighschool.us**, each of which again purport to

be third-party websites, but contain links to and bear the telephone number of Senford High

School.  True and correct copies of relevant printouts from these websites are attached hereto as

Exhibit J.  As with Defendants' other Fraudulent Websites identified herein, these make use of

22

the GED® Marks when falsely suggesting that online high school diplomas are equivalent or

superior to the GED® Credential and are as widely accepted and respected.  In an effort to

associate these diplomas with Plaintiffs and their legitimate GED® offering, the site found at

shighschooldiploma.com goes so far as to state that "we are associated with [Plaintiff] The

American Council on Education," when it is not.

59.     The shighschooldiploma.com domain was registered by "John McCain" of "SHS"

through Onlinenic, Inc., and the accreditedhighschool.us domain was registered by "Robert Mr"

of "Senford High School" through Directi.  Both of these sites are again hosted by Softlayer

Technologies.

60.     All of the Fraudulent Websites identified herein make extensive use of the GED®

Marks on their websites and, except in the case of higheraccreditation.org and diploma-ged.com,

in their meta-data.  Metadata (or keyword tags) are found in a website's source code and, while

not visible on the web page, are "seen" by Internet search engines to evaluate user's searches.

Thus, a consumer utilizing an Internet search engine to find information on the GED® test will

find information on Defendants' websites based on the use of the GED® Marks in the websites'

metadata.  True and correct copies of relevant printouts of the source code from Defendants'

Fraudulent Websites are attached hereto as Exhibit K

- **The Fake YouTube Videos, Facebook Pages and Wikipedia Entry**

61.     Defendants, under the username Inventionist007, have posted at least three videos

to YouTube to promote their offer of fraudulent diplomas through Senford High School.  These

videos may be accessed at **youtube.com/user/Inventionist007**, and include a short commercial

advertisement for Senford, a video testimonial from an alleged graduate of the school, and a

music video about adult education that Defendants appear to have appropriated from a Las Vegas

radio station.  True and correct copies of relevant printouts from Defendants' YouTube portal are attached hereto as <u>Exhibit L</u>.  As with each of Defendants' websites, these YouTube videos—and the description and commentary offered therewith—egregiously infringe the GED® Marks in an effort to conflate the legitimate GED® Credential with the diplomas offered by Defendants.  For example, the title of the commercial advertisement video is "High School Diploma Online GED Short and easy way by taking online GED test."  In other instances, Defendants make such frequent and repetitive use of the GED® Marks so as to render their sentences incoherent, such as the description of the testimonial video, which reads "Want GED? Then Senford High School is the right place for you! Get Diploma right now, Online diploma GED accredited GED diploma GED Online accredited GED."

62.     Defendants also maintain a Facebook page for Senford High School, found at **http://www.facebook.com/highschooldiplomaonline**.  True and correct copies of relevant printouts from this website are attached hereto as <u>Exhibit M</u>.  As with their many other websites, Defendants' Facebook page repeatedly associates Senford's diplomas with Plaintiffs' GED® test, and makes flagrant use of the GED® Marks.  Among its other specious claims, Defendants' Facebook page purports to offer an "[o]nline GED course with free test for GED," and falsely claims that "you can get your high school diploma within one week just take GED test online and pass the test with 70% or above to get your high school diploma and you will be a High School Graduate."

63.     Defendants have also created a Wikipedia entry, in yet another effort to legitimatize the fictitious Senford High School, at **http://en.wikipedia.org/wiki/Senford_High_School**.  True and correct copies of relevant printouts from this website are attached hereto as <u>Exhibit N</u>.  This entry claims that Senford was

24

founded as a brick-and-mortar school in 1974 and began offering its online program in 2005 (some three years before the senfordhighschool.com domain name was even registered).  The entry also reiterates the false allegation of accreditation by the fraudulent Higher Accreditation Association of Online Schools, and offers the unsupported claim that Senford "was awarded best online school of the year 2007 followed by 2008, 2009 and 2010."  Wikipedia entries may be created and edited by any anonymous user, *see* http://en.wikipedia.org/wiki/Wikipedia:About. Upon information and belief, the Senford High School entry was created by Defendants.

> **D.** **The "Directory" Websites, Which Collect Links to Each of the Other Sites**

64. The ample evidence that all of Defendants' Fraudulent Websites identified herein are part of the same fraudulent scheme is corroborated by two "My Directory" websites found at **freegedtest.info** and **accreditedadultdiploma.info** (the "Directory Websites").  True and correct copies of relevant printouts from these websites are attached hereto as <u>Exhibit O</u>.  The two Directory Websites, which appear at first glance to offer a randomly generated collection of links concerning topics of general interest, also tellingly include nearly identical lists of "partners" on the bottom or along the left border of the page.

65. On each site, the listed "partners" are described using non-specific terminology such as "Free GED,"  "GED Online," "Free High School Diploma," etc.  Each item on the list is associated with a hyperlink, however, leading to another website.  Significantly, *each and every one* of these links lead to one of the Defendants' other Fraudulent Websites discussed above. For example, the list found at freegedtest.info contains the following items, linked to the following associated websites:

- High School Diploma:       senfordhighschool.com

- Accredited Diploma:        sunshinehighschool.com

- Free Ged:                          onlineged.us

- Ged Online:                         gedonlineschool.com

- Free High School Diploma:    shighschooldiploma.com

- Online Diploma:               senfordhighschool.us

- Online Diploma:               senfordhighschool.com

- High School Diploma:          senfordhighschool.com

- Online GED:                   sunshinehighschool.com

- Ged Test Online:             gedonlineschool.com

The second Directory Website, accreditedadultdiploma.info, contains essentially the same list and associated hyperlinks.

66.     Both of the domain names associated with the Directory Websites are registered under the name of Defendant Amjad Parvais of AZM Technologies, and provide a false address in Faisalabad, Pakistan.  Both of the Directory Websites were registered on the same date, June 9, 2009, through Directi, and both are hosted by Softlayer Technologies.

**E.     Defendants Efforts to Conceal Their Identities**

67.     Defendants have gone to great lengths to conceal their identities and avoid detection by either providing demonstrably false and incomplete contact information or utilizing privacy services in connection with the registration of their domain names.

68.     The whois records for Defendants' senfordhighschool.com; senfordhighschool.net, senfordhighschool.us, onlineged.us, gedonlineschool.com, shighschooldiploma.com, and accreditedhighschool.us provide the following address, in whole or in part: 23 Sunset Boulevard, Houston, Texas, 77005, United States.  As discussed in Section A above, this address is false and belongs to a student drop box at Jones College, on the campus

of Rice University.  Plaintiffs' investigator called the number associated with this address and

spoke with a representative of Jones College, who had no awareness of Senford High School and

confirmed it is not associated with Jones College.  The Better Business Bureau report on Senford

High School also notes that, consistent with Plaintiffs' own conclusion, "the address listed for

Senford is actually on the campus of Rice University.  It does not appear that 23 Sunset

Boulevard, the school's listed address, is a legitimate location for this school."  The only further

contact information available for any of these domain names is the incomplete name "Robert

Mr.,"  the e-mail address senfordhigh@hotmail.com, and a phone number (the same as is

advertised on the website itself) that is not publicly listed, that is not answered, and for which

voicemail messages are not returned.

        69.     The whois records for Defendants' sunshinehighschool.com and diploma-

aged.com domain names provide the following address: Ben Lexcen Drive, Sunshine Beach,

Queensland 4567, United States.  This address is false and facially incomplete, as it fails to

provide a street address on Ben Lexcen Drive and lists the United States as the country, when the

rest of the address is in Queensland, Australia.  Although the websites associated with these

domain names do not provide any further address information, the Better Business Bureau,

which has received at least one consumer complaint about Sunshine High School, assigns it an

address of 5538 Sunshine Dr., Austin, Texas 78756.  This address does not exist and the location

where that address would be is the entirely unrelated McCallum Arts Center.  The only further

information provided in the registrations for these domains is the incomplete name "Mr.

McCain."

        70.     Defendants' higheraccreditation.org domain name utilizes the privacy protection

service PrivacyProtect.org, located in Queensland, Australia, to mask its real contact

information.  The website associated with the domain name only provides the following

incomplete contact information: Bay City, TX, 77404 Matagorda.  This address is very clearly

incomplete, as it only provides a city and state, and no street address.  Matagorda describes a

county in Texas with a population of over 30,000.  *See*

http://quickfacts.census.gov/qfd/states/48/48321.html.

71.     Defendants' onlinediplomaged.com domain name also utilizes a privacy

protection service, this time Domains by Proxy, Inc., to mask its real contact information and the

website itself provides no contact information, except for the same phone number as that listed

on Senford High School's website.

72.     Defendants' freegedtest.info and accreditedadultdiploma.info domain names are

both registered to Defendant Amjad Parvais of Defendant AZM Technologies, and provide a

false street address in Pakistan.

73.     Defendants intention to conceal their identities and avoid detection is further

evidenced by the fact that they have switched domain name servers as many as fifteen times in

the last four years.  Frequent name server changes is a tactic used by domain name owners

engaged in illegal activity to mask and conceal their identities.  *See e.g.*

http://www.techweb.com/news/201201582/new-attack-uses-bogus-web-sites-to-deliver-

malware.html; http://www.eweek.com/c/a/Security/OpenDNS-Launches-DNSBased-Malware-

Protection-Service-for-Enterprises-496643/.

**F.      Defendants Own Other Domain Names That Easily Could Be Used to
         Further This Same Scam**

Defendants not only own the domain names already referenced herein but own at least

nine other domain names, which are currently inactive but which could easily be activated in the

event that the domain names currently in use become unavailable.  These domain names include:

US2008 3075524.9

gedonlinediploma.info, gedtestcenter.info, highschooldiplomafast.info, highschoolprogram.info, homediploma.info, homegraduate.info, onlineged.info, orignalhighschooldiploma.info, and usaschooldiploma.info.

**G.    Defendants' Harm to Plaintiffs**

74.    The fraudulent high school diplomas being marketed and sold by Defendants on the Fraudulent Websites are neither associated with nor equivalent to Plaintiffs' legitimate GED® test and GED® Credential, nor are Defendants or their goods and services licensed, authorized, sponsored, endorsed or approved by Plaintiffs or their licensees.

75.    Defendants' unlawful actions commenced many years after ACE began using the GED® Marks, many years after these marks had achieved significant fame, and many years after the GED® Marks were registered in the U.S. Patent and Trademark Office.

76.    Defendants' Fraudulent Websites and the fraudulent GED® tests they promote and offer are likely to deceive, confuse and mislead the public into believing that Defendants' diplomas and/or other goods and services are authorized, endorsed or in some manner associated with Plaintiffs or the legitimate GED® test and GED® Credential.  The likelihood of confusion, mistake and deception engendered by Defendants' conduct is causing irreparable harm to Plaintiffs.

77.    Defendants know that the credentials and services they are selling and offering to sell are not approved by or associated with Plaintiffs, that they are not equivalent to the genuine GED®-branded Credential and services offered by Plaintiffs, and that they are not accepted by the universities and employers that accept Plaintiffs' genuine GED® Credential.

78.    Defendants knowingly and willfully use the GED® Marks and sell their fraudulent diplomas with the deliberate intent to ride on the fame and goodwill that Plaintiffs have

US2008 3075524.9

established in the GED® Marks and the GED® tests, and with the deliberate intent to create a

false impression as to the source, sponsorship and legitimacy of Defendants' goods and services.

79.     Defendants intentionally use counterfeit copies of the GED® Marks in connection

with the sale, offering for sale, and distribution of their fraudulent diplomas.

80.     Defendants' conduct is intentional, fraudulent, malicious, willful, and wanton.

81.     Defendants' unlawful acts deprive Plaintiffs of their ability to control the nature

and quality of the goods and services offered under the GED® Marks, and leave the valuable

reputation and goodwill of the GED® Marks in the hands of Defendants.  Defendants' fraudulent

enterprise completely undermines the GED® Credential and everything it stands for.  Further,

when consumers discover that Defendants are not accredited and their diplomas are not

recognized by universities or employers, they may well mistakenly hold Plaintiffs accountable.

82.     In addition, Defendants' unlawful acts clearly harm the public.  Defendants

hoodwink unsuspecting members of the public into paying Defendants' high fees for worthless

diplomas rather than investing that money in legitimate educational services that will actually

improve their educational and professional opportunities.  Defendants also harm any third parties

who rely upon the false credentials issued by Defendants.

83.     If Defendants' conduct is not enjoined, it will continue causing irreparable harm

to Plaintiffs, the goodwill and reputation of the GED® Marks, and the general public.  Unless the

acts of Defendants are temporarily, preliminarily and permanently enjoined by this Court, this

conduct will continue to cause irreparable injury to Plaintiffs and the public for which there is no

adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**FOR TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER THE**
**LANHAM ACT (15 U.S.C. § 1114)**

84.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 83 above, and incorporate them herein by reference.

85.     Plaintiffs' GED® Marks and the goodwill of the services associated with them in the United States are of great and incalculable value, are distinctive, and have become associated in the public mind with services of the highest quality and reputation emanating from Plaintiffs as their source.

86.     Defendants' use of Plaintiffs' federally registered GED® Marks and/or reproductions, counterfeits, and copies of the federally registered GED® Marks in connection with the sale and distribution of fraudulent educational testing services and associated bogus diplomas is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' goods and services, and likely to deceive the public into believing that Defendants' goods and services are sponsored, endorsed and/or approved by, or are otherwise associated with, Plaintiffs.

87.     Defendants' unauthorized use of Plaintiffs' federally registered GED® Marks and/or reproductions, counterfeits, and copies of Plaintiffs' GED® Marks falsely represents Defendants' goods and services as emanating from or being authorized by Plaintiffs and places beyond Plaintiffs' control the quality of goods and services offered and sold under the GED® Marks.

88.     Defendants' use of Plaintiffs' federally registered GED® Marks and/or reproductions, counterfeits, and copies of Plaintiffs' federally registered GED® Marks is willful, deliberate and done with the intent to reap the benefit of the goodwill of Plaintiffs, and constitutes trademark counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

US2008 3075524.9

89.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

**SECOND CLAIM FOR RELIEF**
**FOR FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION**
**AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)(1)(A))**

90.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 89 above, and incorporate them herein by reference.

91.     Defendants' unauthorized use of the GED® Marks and other indicia of Plaintiffs' GED® testing services in connection with Defendants' goods and services constitutes a false designation of origin and a false description or representation that Plaintiffs certify the legitimacy, quality and authenticity of such products, when in fact they do not, and is thereby likely to deceive the public.

92.     Defendants' unauthorized use of the GED® Marks falsely represents Defendants' goods and services are associated with Plaintiffs when in fact they are not, and is thereby likely to deceive the public.

93.     Defendants' acts of unfair competition are willful and deliberate and committed with an intent to reap the benefit of the goodwill and reputation associated with the GED® Marks.

94.     Defendants' conduct violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

95.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and

32

deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

## THIRD CLAIM FOR RELIEF
## FOR FEDERAL FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)(B))

96.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 95 above, and incorporate them herein by reference.

97.     Defendants have caused the publication of literally and/or impliedly false advertisements, marketing materials and promotional claims that misrepresent the nature, characterization, or qualities of Defendants' diplomas and educational services, as well as the legitimate GED® test and GED® Credential provided by Plaintiffs under the GED® Marks.

98.     Defendants engaged in such conduct with full knowledge that the claims are literally and/or impliedly false.  Defendants' acts of false advertising are willful and deliberate and committed with a conscious disregard to Plaintiffs' rights.

99.     Defendants' conduct violates Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

100.    The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

## FOURTH CLAIM FOR RELIEF
## FOR FEDERAL CYBERSQUATTING (15 U.S.C. § 1125(d))

101.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 100 above, and incorporate them herein by reference.

US2008 3075524.9

102.    Through Plaintiffs' extensive and exclusive use and promotion, ACE's GED®
Marks have acquired distinctiveness and garnered widespread public recognition throughout the
United States.

103.    As of the dates Defendants registered the domain names onlineged.us,
gedonlineschool.com, diploma-ged.com, onlinediplomaged.com, freegedtest.info,
gedonlinediploma.info, gedtestcenter.info, and onlineged.info (the "Infringing Domain Names")
in 2008 and 2009, the GED® Marks had long been extraordinarily famous and had acquired
substantial goodwill.

104.    The Infringing Domain Names each include ACE's GED® mark in its entirety,
and are identical, confusingly similar to and/or dilutive of this famous and federally registered
mark.  Upon information and belief, Defendants registered the Domain Names for no legitimate
purpose, but rather solely to trade on the fame, reputation and goodwill of the GED® Marks.

105.    Defendants have no affiliation with Plaintiffs and have never been authorized to
use or register the GED® Marks or any variation or simulation thereof.

106.    Defendants registered the Domain Names with full knowledge of ACE's rights in
the GED® Marks, and long after the GED® Marks had become distinctive and famous.

107.    Defendants have acted with the bad faith intent to profit from ACE's famous and
distinctive GED® Marks and the goodwill associated therewith within the meaning of Section
43(d)(1) of the Lanham Act.

108.    The registration and/or use of the Domain Names thus constitutes acts of
cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

109.    The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and
to their respective goodwill and reputations, and will continue both to damage Plaintiffs and

34

deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law,

injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and

the public interest would be served by enjoining Defendants' unlawful activities.

**FIFTH CLAIM FOR RELIEF**
**FOR UNLAWFUL DECEPTIVE ACTS AND PRACTICES**
**(N.Y. GEN. BUS. LAW § 349)**

110.   Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1

through 109 above, and incorporate them herein by reference.

111.   Defendants, without Plaintiffs' authorization or consent, and having knowledge of

Plaintiffs' well-known and prior rights in the GED® Marks, have distributed, offered for sale

and/or sold fake diplomas and test-related services to the consuming public under the GED®

Marks in direct competition with Plaintiffs' legitimate GED® test and GED® Credential in

violation of Section 349 of the New York General Business Law.

112.   Defendants use of the GED® Marks is likely to cause confusion, mistake and

deception among the general purchasing public as to the origin of Defendants' goods and

services, and is likely to deceive the public into believing these goods and services originate

from, are associated with, or are otherwise authorized by Plaintiffs.

113.   Defendants' deceptive acts and practices involve ongoing and recurring sales and

offers of sale to the public.

114.   The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and

to their respective goodwill and reputations, and will continue both to damage Plaintiffs and

deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law,

injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and

the public interest would be served by enjoining Defendants' unlawful activities.

35

## SIXTH CLAIM FOR RELIEF
## FOR UNLAWFUL USE OF A NAME WITH INTENT TO DECEIVE
## (N.Y. GEN. BUS. LAW § 133)

115.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 114 above, and incorporate them herein by reference.

116.    Defendants, with the intent to deceive or mislead the public and without Plaintiffs' authorization or consent, have assumed, adopted and/or used ACE's GED® mark as or as part of their assumed and/or trade names for advertising purposes and/or for the purposes of trade.

117.    These names, which appear prominently across the top of Defendants' websites found at onlineged.us ("Online Ged"), gedonlineschool.com ("GED ONLINE SCHOOL"), diploma-ged.com ("ONLINE GED"), and onlinediplomaged.com ("Online Diploma Ged"), include the GED® mark in its entirety, and appear on websites that lack any other means of source identification.

118.    Defendants' assumption, adoption, and/or use of names incorporating the GED® Marks may deceive or mislead the public as to the identity of Defendants and/or the connection of Defendants with Plaintiffs.

119.    Defendants' conduct violates Section 133 of the New York General Business Law.

120.    The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

US2008 3075524.9

## SEVENTH CLAIM FOR RELIEF
## FOR COMMON LAW TRADEMARK INFRINGEMENT

121.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 120 above, and incorporate them herein by reference.

122.     Defendants' use of the GED® Marks is likely to cause confusion, mistake or deception as to the source or sponsorship of the goods and services provided thereunder.  As a result of Defendants' unauthorized use of Plaintiffs' federally registered marks, the public is likely to believe that Defendants' goods and services have been approved by, sponsored by or are otherwise associated with Plaintiffs.

123.     Defendants were on notice of Plaintiffs' exclusive rights in the GED® Marks at the time they began using them.  Defendants use of the GED® Marks is willful, in bad faith, and with full knowledge of Plaintiffs' prior use of, exclusive rights in and ownership of the GED® Marks, with full knowledge of the reputation and goodwill associated with Plaintiffs and the famous GED® Marks, and will full knowledge that Defendants have no right, license or authority to use the GED® Marks.

124.     Defendants' conduct constitutes common law trademark infringement under the laws of the State of New York.

125.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

## EIGHTH CLAIM FOR RELIEF
## FOR COMMON LAW UNFAIR COMPETITION

37

US2008 3075524.9

126.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 125 above, and incorporate them herein by reference.

127.     Defendants' unauthorized use of the GED® marks constitutes a false designation of origin and a false description or representation that Defendants' goods and services are authorized by Plaintiffs, and is thereby likely to confuse consumers.

128.     Defendants use of the GED® Marks is willful, in bad faith, and with full knowledge of Plaintiffs' prior use of, exclusive rights in and ownership of the GED® Marks, with full knowledge of the reputation and goodwill associated with Plaintiffs and the famous GED® Marks, and will full knowledge that Defendants have no right, license or authority to use the GED® Marks.

129.     By misappropriating and trading upon the goodwill and business reputation represented by the GED® Marks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiffs' expense.

130.     Defendants' conduct constitutes common law unfair competition under the laws of the State of New York.

131.     The aforesaid conduct of Defendants is causing irreparable injury to Plaintiffs and to their respective goodwill and reputations, and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law, injunctive relief is warranted considering the hardships between Plaintiffs and Defendants, and the public interest would be served by enjoining Defendants' unlawful activities.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for Judgment as follows:

1.      That a temporary restraining order issue followed after an appropriate hearing by an  injunction preliminarily and, then after trial, permanently enjoining Defendants, and any employees, agents, servants, officers, representative, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunction, from:

a)      using ACE's GED® Marks, as well as any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations, in connection with the import, export, manufacture, production, distribution, advertising, promotion, display, offer for sale and/or sale of any goods or services;

b)      shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner any unauthorized goods or promotional materials bearing the GED® Marks, or any reproduction, counterfeit, copy or colorable imitation of the same;

c)      utilizing the Infringing Domain Names and registering, trafficking in, or using any additional domain names that use or incorporate any of the GED® Marks, or any reproduction, counterfeit, copy or colorable imitation of the same;

d)      using the GED® Marks, as well as any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations, in connection with Defendants' business or trade names, domain names, websites, website metadata, other online services or activities, or any other goods or services, in a manner that is

39

likely to cause confusion, mistake, deception, or public misunderstanding that such business or trade names, domain names, websites, website metadata, other online services or activities, or other goods or services are produced, provided, sponsored or authorized by or in any way connected or associated with Plaintiffs;

e)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing good or service manufactured, distributed, advertised, sold and/or offered for sale by Defendants is any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

f)      operating any of the Fraudulent Websites identified herein during the pendency of this action;

g)      further infringing any of the GED® Marks or otherwise damaging Plaintiffs' goodwill in any manner prohibited by the Lanham Act or other federal law;

h)      otherwise unfairly competing with Plaintiffs in any manner prohibited by the Lanham Act or other federal law; or

i)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

2.      That a temporary restraining order issue followed after an appropriate hearing by an injunction preliminarily and, then after trial, permanently enjoining any third party from processing payments, directly, or indirectly, for the benefit of Defendants that are related in any way to services offered on the Fraudulent Websites or transferring any monies to Defendants related to any transactions occurring on the Fraudulent Websites.

US2008 3075524.9

3.      Directing that Defendants make available to Plaintiffs for review, inspection and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and backup disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating the GED® Marks, as well as any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations.

4.      Directing that Defendants cancel, remove, or expunge any advertising, promotional activities, or content pages regardless of medium, including but not limited to web and social media sites, using the GED® Marks, as well as any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations, including but not limited to the YouTube video referenced above, the Facebook page referenced above, and the article in Wikipedia referenced above, and that should Defendants fail to do so within 30 days, any website or Internet Service Provider hosting and/or providing access to such advertising, promotional activities, or content pages shall, upon Plaintiffs' written request identifying same, cease hosting and/or disable access to the specified content.

5.      Directing that Defendants deliver to Plaintiffs' counsel for destruction at Defendants' cost all signs, products, packaging, promotional material, advertising material and any other item that bears, contains or incorporates the GED® Marks, as well as any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations.

US2008 3075524.9

6.     That a temporary restraining order issue followed after an appropriate hearing by a preliminary injunction directing any domain name registries (including without limitation VeriSign, Inc., Neustar, Inc., and Public Interest Registry) and/or any individual registrars (including without limitation Directi and Onlinenic, Inc.) that are holding or listing one or more of the domain names used in conjunction with Defendants' Fraudulent Websites, including those Fraudulent Websites identified herein, disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable.

7.     Directing that any domain name registries (including without limitation VeriSign, Inc., Neustar, Inc., and Public Interest Registry) and/or any individual registrars (including without limitation Directi and Onlinenic, Inc.) that are holding or listing one or more of the Infringing Domain Names, cooperate with a registrar to be appointed by Plaintiffs to re-register the Infringing Domain Names in the name of Plaintiffs' designee.

8.     That a temporary restraining order issue followed after an appropriate hearing by an injunction preliminarily enjoining any company hosting the Fraudulent Websites from providing any content on those websites, pending further order of this Court, that displays in any manner any of the GED® Marks, or any other trademark, service mark, name, logo, design or source designation of any kind owned by ACE or GEDTS, or any reproduction, counterfeit, copy or colorable imitation of such marks or designations.

9.     Finding that Defendants willfully provided inaccurate and/or unreliable contact information to the registrars of the Fraudulent Websites in connection with Defendants' registration of the Fraudulent Websites.

US2008 3075524.9

10.     Requiring Defendants to account for and pay over to Plaintiffs three times the profits realized by Defendants from their infringement of the GED® Marks and their unfair competition with Plaintiffs.

11.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), or if Plaintiffs elect, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, arising out of Defendants' acts of willful trademark infringement and counterfeiting.

12.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition.

13.     Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

14.     Awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

15.     Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court find appropriate.

16.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, promoted, sold and/or offered for sale by or on behalf of Defendants are authorized by Plaintiffs or related in any way to goods and services offered under the GED® Marks.

17.     Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

18.    Awarding Plaintiffs such other and further relief as the Court may deem just and

proper.

US2008 3075524.9

Dated: New York, New York
       February 13, 2012

**KILPATRICK TOWNSEND &
STOCKTON LLP**

Stephen Feingold (SF 2763)
Lisa Pearson (LP 4916)
Joseph Petersen (JP 9071)
Robert Potter (RP 5757)
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Plaintiff GED Testing Service
LLC*

**ADA MELOY, ESQ. (AM 4092)**

One Dupont Circle NW
Washington, D.C. 20036
Telephone: (202) 939-9361
Facsimile: (202) 833-4762

*Attorney for Plaintiff American Council on
Education*

45